# UNITED STATES DISTICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17-cv-1396-WTL-DML |
| | ) |
| BRENT MYERS, | ) |
| | ) |
| Defendant. | ) |

**Entry Screening Complaint, Dismissing Insufficient Claims
and Directing Further Proceedings**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt [2], is **granted**. The assessment of even a partial filing fee is not feasible at this time.

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the Court's discretion. *Denton v. Hernandez,* 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Section 1983 is not itself a source of substantive rights; instead, it is a means for vindicating federal rights conferred elsewhere. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n.3 (1979)). The initial step in any § 1983 analysis is to identify the specific constitutional right which was allegedly violated. *Id*. at 394; *Kernats v. O'Sullivan,* 35 F.3d 1171, 1175 (7th Cir. 1994); *see also Gossmeyer v. McDonald,* 128 F.3d 481, 489-90 (7th Cir. 1997).

Here, the plaintiff has filed a motion for request of hearing that the Court construes as a complaint pursuant to 42 U.S.C. § 1983. Mr. Mapes alleges he was wrongfully convicted of a crime in Texas that would require him to register as a sex offender in Indiana pursuant to Indiana Code § 11-8-8-19. He alleges that the requirement he register as a sex offender in Indiana violates his rights under the First, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments.

In *Wallace v. State*, 905 N.E.2d 371 (Ind. 2009), the Indiana Supreme Court held the *ex post facto* clause of the Indiana Constitution prohibits the application of Indiana Sex Offender Registration Act ("SORA") to an individual whose offense predates the enactment of the statute.

*Id*. at 384. In Wallace, the Court determine that no person is required to register as a sex offender on the Indiana registry if they committed their offense prior to July 1, 1994. Here, based on the documents the plaintiff attached to his complaint, it appears that the crime he committed in Texas for which he is required to register in Indiana occurred in 1998. [dkts. 1-1, at pp. 3-27]. As such, the holding in *Wallace* provides him no protection from the Indiana registration requirement.

Mr. Mapes' complaint fails to state a claim on which relief can be granted. He states that he has shown that he was wrongfully convicted; however, it does not appear from the complaint that a Texas state court has determined Mr. Mapes was wrongfully convicted or that any court has vacated his conviction. As such, he does not have a constitutional claim challenging the requirement that he register on the Indiana Sex Offender Registry. Because Mr. Mapes has not shown that his conviction in Texas has been vacated, nothing in the conduct Mr. Mapes attributes to the defendant violated any of his federally secured rights.

Otherwise, all of the remaining arguments in Mr. Mapes complaint are simply conclusory statements of law that have no relation to his claim. As the Supreme Court recently explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007). For example, Mr. Mapes refers to an appeal he filed with an unidentified entity:

> These actions seem quite suspicion under 28 C.F.R. 36.206 in a very
> illicit, dissuading manner. Mr. MAPES wrote and faxed his appeal regarding
> this issue and nothing has been done regarding his concerns and ongoing
> repetitious violations under Constitutional, Federal, and State laws in
> the 30 days alloted for this type of action. Mr. MAPES did in fact bring
> notice up on or about the 6 th day of March 2017 when he did his first
> registry within the State of Indiana almost 17 yrs after his release date
> from Texas. Mr. MAPES has also been educated that this Department shall
> decide the Appeal within 30 calendar days of the day upon which it
> receives the Appeal and shall notify the Local Subject of its decision in
> writing. We are quite concerned how members employed by a State has chosen
> to aid in acts of sedition and ongoing suspicious activities under
> violations of U.S. , Federal, and State laws.

Similarly, Mr. Mapes' complaint recites legal doctrines that have no connection to the allegations in his complaint:

> I.
> The double jeopardy clause in the Fifth Amendment to the U.S. Constitution prohibits the government from prosecuting individuals more than one time for a single offense and from "imposing more than one punishment for a single offense". It provides that "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb."
>
> II.
> Most state constitutions also guarantee this right to defendants appearing in state court. Even in states that do not expressly guarantee this right in their laws, the protection against double jeopardy must still be afforded to criminal defendants because the Fifth Amendment's Double Jeopardy Clause has been made applicable to state proceedings via the doctrine of incorporation.
>
> It is uncertain where any due process or fundamental fairness has been shown in regards to this appeal. Further more ''The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense. .
>
> III.
> . The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.''

Because the Court has been unable to identify a viable claim for relief against this defendant, the complaint is subject to dismissal.

### III.

Mr. Mapes shall have **through June 12, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 5/10/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC MAPES
PO Box 36092
Indianapolis, IN 46236